[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16557
Non-Argument Calendar

_____

D.C. Docket No. 02-00450-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN DELEON MONROE,
a.k.a. Julu,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 23, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Julian Deleon Monroe appeals the district court's denial of his pro se 18

U.S.C. § 3582(c)(2) motion. In August 2003, Monroe pleaded guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(iii). At the original sentencing hearing, the district court found that Monroe was a career offender, but noted that his total offense level - 31 - would be the same under either the drug quantity guideline, U.S.S.G. § 2D1.1(c), or the career offender guideline, §4B1.1(b). The court sentenced Monroe to 188 months' imprisonment.

In 2008, Monroe filed the present § 3582(c)(2) motion, requesting a sentence reduction based on Amendment 706 to the Sentencing Guidelines. The district court noted that, although Amendment 706 reduced Monroe's total offense level under § 2D1.1(c) from 31 to 29, it did not have any effect on Monroe's § 4B1.1(b) offense level, which remained at 31. Therefore, the district court concluded that Amendment 706 did not have the effect of lowering Monroe's guideline range, and denied his § 3582(c)(2) motion. Monroe now appeals, arguing that he was originally sentenced under the drug quantity guideline, and, therefore, is eligible for a sentence reduction based on Amendment 706.

We "review de novo a district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Section 3582(c)(2) gives federal courts the authority to consider reducing the

2

sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by "substituting the amended guideline range for the originally applied guideline range, and then using that new base offense level to determine what ultimate sentence it would have imposed." Id. In other words, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time that the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1) (Supp. May 1, 2008). Under the second step, the court must decide whether to retain the original sentence or to resentence the defendant under the amended guideline range. Id. at 781.

A career offender's base offense level is determined by using either the offense level which would ordinarily apply under Chapters 2 and 3, or, if it results in a higher offense level, the table in § 4B1.1(b). U.S.S.G. § 4B1.1(b) (emphasis added). Thus, where, as here, a defendant's offense level would be the same, sentencing under Chapters 2 and 3 is contemplated.

In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), we held that

3

defendants who were originally sentenced under § 4B1.1(b)'s career offender table were not eligible for § 3582(c)(2) relief because their guideline ranges were not based on the drug quantity offense levels which had been lowered by Amendment 706. Moore, 541 F.3d at 1327-29. The Moore decision, however, did not address the applicability of Amendment 706 to a career offender who was originally sentenced based on the drug quantity guideline.

In this case, Monroe was originally sentenced as a career offender, but his base offense level was determined under § 2D1.1(c) because application of § 4B1.1(b) did not result in a higher offense level. Because of Monroe's status as a career offender, the district court, in determining whether Amendment 706 reduced Monroe's guideline range, was required to consider not only whether the amendment reduced his drug quantity base offense level, but also whether § 4B1.1(b) produced a higher offense level than his amended drug quantity offense level. Amendment 706 reduced Monroe's drug quantity base offense level from 34 to 32, but did not affect his career offender offense level, which remained at 34. Therefore, Amendment 706 did not have the effect of reducing Monroe's guideline range. Accordingly, the district court did not err in denying Monroe's § 3582(c)(2) motion.

**AFFIRMED.**

4